**TRINITY INDUSTRIES, INC.,**
a Delaware Corporation,
**Appellant,**

v.

**Robert REICH, Secretary, U.S. Department of Labor; Joel Maltbia, in his Official Capacity as Director, Arkansas District, Office of Federal Contract Compliance Programs, United States Department of Labor, Appellees.**

No. 93–3352.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1994.

Decided Aug. 26, 1994.

David M. Curtis, Dallas, TX, argued, for appellant.

Beverly Dankowitz, Washington, DC, argued, for appellees.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Trinity Industries, Inc. (Trinity) appeals the district court's dismissal of Trinity's action against officials of the United States Department of Labor and the Department's Office of Federal Contract Compliance Programs (OFCCP). Agreeing with the district court that Trinity must exhaust its administrative remedies before filing this action, we affirm.

Trinity is a federal contractor. The OFCCP reviews federal contractors' compliance with nondiscrimination and affirmative action requirements. After the OFCCP asked Trinity to submit an affirmative action plan for Trinity's West Memphis, Arkansas, facility, Trinity requested a waiver from compliance. The OFCCP denied Trinity's waiver request and referred the matter for administrative enforcement. Trinity then filed a complaint in district court, seeking a declaratory judgment that the OFCCP lacked jurisdiction over the West Memphis facility and an injunction against OFCCP enforcement proceedings. The OFCCP moved for summary judgment based on Trinity's failure to exhaust administrative remedies. The district court granted the OFCCP's summary judgment motion and dismissed Trinity's complaint.

Trinity contends it should not be required to exhaust its administrative remedies because the OFCCP has no jurisdiction. According to Trinity, its West Memphis facility is not subject to the OFCCP's review authority because none of Trinity's federal contract work is performed there. The case on which Trinity relies involved a state university and interpreted a regulation limited to state and local governments. *See Board of Governors of the Univ. of N.C. v. United States Dep't of Labor,* 917 F.2d 812, 818 (4th Cir.1990), *cert. denied,* 500 U.S. 916, 111 S.Ct. 2013, 114 L.Ed.2d 100 (1991); 41 C.F.R. § 60–1.5(a)(4) (exemption for separate entities of state government that do not work on federal contract); *see also* 41 C.F.R. §§ 60–250.3(a)(4), 60–741.3(a)(4) (same). For a private contractor like Trinity, however, the regulations authorize exemption only if the West Memphis facility is "in all respects separate and distinct from activities" of the federal contractor and the exemption "will not interfere with or impede the effectuation of the [affirmative action requirements]." 41 C.F.R. §§ 60–1.5(b)(2), 60–250.3(a)(5), 60–741.3(a)(5). On appeal, Trinity has neither identified the applicable regulations nor argued it meets those regulations' exemption requirements. Thus, we need not further consider Trinity's jurisdiction argument. *See Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 740–41 (8th Cir.1985) (failure to argue proper ground for relief in brief deemed abandonment of issue).

Trinity also contends it should not be required to exhaust its administrative remedies because exhaustion would be futile. *See Sioux Valley Hosp. v. Bowen,* 792 F.2d 715, 724 (8th Cir.1986) (futility exception to exhaustion requirement). Trinity claims the OFCCP has a blanket policy to deny all waiver requests. Even if the OFCCP admitted this policy, however, we cannot assume exhaustion would be futile because Trinity's administrative remedies do not end with the OFCCP. Trinity is entitled to a hearing before an Administrative Law Judge (ALJ)

who is not part of the OFCCP and to a final decision from the Secretary of Labor. *See* 41 C.F.R. pt. 60–30. Exhaustion is necessary to allow the Department to " 'function efficiently and ... have an opportunity to correct its own errors, to afford the parties and the courts the benefit of [the Department's] experience and expertise, and to compile a record [that] is adequate for judicial review.' " *Schoolcraft v. Sullivan,* 971 F.2d 81, 87 (8th Cir.1992) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975)), *cert. denied,* —— U.S. ——, 114 S.Ct. 902, 127 L.Ed.2d 93 (1994).

Accordingly, we affirm the district court's dismissal of Trinity's action.